UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEROY DORSEY,

                Plaintiff,

- against -

DANIEL F. MARTUSCELLO III, et al.,

                Defendants.

**ORDER**

23-CV-9140 (PMH)

PHILIP M. HALPERN, United States District Judge:

Leroy Dorsey ("Plaintiff"), proceeding *pro se*, commenced this action on October 17, 2023. (Doc. 1, "Compl."). Plaintiff, currently incarcerated at the Sullivan Correctional Facility in Fallsburg, New York, presses claims for violations of his constitutional rights pursuant to 42 U.S.C. § 1983 against Commissioner Daniel F. Martuscello, Warden John Doe, Correctional Officer Jordan, Correctional Officer Conway, and Superintendent John Doe (together, "Defendants") Before the Court is Plaintiff's application to proceed *in forma pauperis*. (Doc. 4).

## BACKGROUND

I.    Plaintiff's Claims

Plaintiff presses claims for relief under 42 U.S.C. § 1983, alleging that Defendants violated his rights under the First, Fourth, Sixth, Eighth, Ninth, Thirteenth, and Fourteenth Amendments of the U.S. Constitution. (Compl. at 3). Plaintiff alleges that in October 2023, five correctional officers at the Sullivan Correctional Facility "stole [his] property, falsified business records," and that two nurses denied him a "breathing machine and medications." (*Id.* at 5). Plaintiff further alleges that he was "denied medical treatments, medical medications, high blood pressure pills, and [a] CPAP machine for hours." (*Id.*).

II.     Plaintiff's Litigation History

Plaintiff filed an action in the United States District Court for the Northern District of New York on July 19, 2012 and sought to proceed *in forma pauperis*. *See Dorsey v. LaVallee*, No. 12-CV-1162 (N.D.N.Y. Oct. 23, 2012). Judge D'Agostino, in that prior case, reviewed Plaintiff's litigation history and found that the "three strikes" rule of 28 U.S.C. § 1915(g) is applicable to the action and held that "Plaintiff may not proceed *in forma pauperis*." *Id.* at Doc. 7 (collecting cases). Judge D'Agostino further held that Plaintiff's allegations that the defendants in that prior case were deliberately indifferent to his serious medical needs "do not plausibly suggest that Plaintiff faced an imminent danger of serious physical injury when he brought this action on July 9, 2012." *Id.*

**STANDARD OF REVIEW**

Section 1915(g) bars a prisoner from proceeding IFP, absent a showing of imminent danger, if on three or more occasions while incarcerated, he has brought an action or an appeal that was "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). The Second Circuit has set forth the following elements for the imminent danger exception to apply: "as alleged in the complaint, (1) the danger must exist at the time the complaint is filed; (2) the feared physical injury must be serious; and (3) the complainant's claims of imminent danger are not conclusory or ridiculous." *Harnage v. Kenny*, 828 F. App'x 766, 768 (2d Cir. 2020) (citing *Chavis v. Chappius*, 618 F.3d 162, 169-70 (2d Cir. 2010)). While the Court, when performing the Section 1915(g) analysis, is "obligated to draw the most favorable inference that [Plaintiff's] complaint supports" it cannot "invent factual allegations that he has not pled." *Chavis*, 618 F.3d at170.

2

**DISCUSSION**

Judge D'Agostino has previously recognized Plaintiff as barred under Section 1915(g) from bringing actions *in forma pauperis*. *See Dorsey v. LaVallee*, No. 12-CV-1162, Doc. 7 (N.D.N.Y. Oct. 23, 2012). In an abundance of caution, however, the Court will ensure that Plaintiff acquired at least three strikes before he brought this action. *See Escalera v. Samaritan Vill.*, 938 F.3d 380, 381-84 (2d Cir. 2019) (reversing and remanding a district court's denial of IFP status which relied on a previous order that concluded that the plaintiff had already accrued five strikes, based on the language of the dismissal orders themselves, that three of the dismissals should not have been counted as strikes). Based on its review, the Court has determined that Plaintiff acquired at least three strikes before filing the present action. *See Dorsey v. Miller*, No. 06-CV6178, Memorandum and Order (E.D.N.Y. filed Dec. 5, 2006) (dismissing with prejudice pursuant to 28 U.S.C § 1915(e)(2)(B)(ii) for failure to state a claim), Judgment (entered Dec. 29, 2006), Mandate (2d Cir. May 31, 2007) (dismissing appeal); *Dorsey v. N.Y.S. Office of Mental Health*, No. 07-CV11312, Memorandum Opinion and Order (S.D.N.Y. filed May 8, 2008) (dismissing with prejudice pursuant to 28 U.S.C § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted), Judgment (entered May 9, 2008); *Dorsey v. Fischer*, No. 08-CV-1617, Decision and Order (S.D.N.Y. June 18, 2010) (dismissing Plaintiff's action for failure to state a claim), Judgment (entered June 21, 2010), Mandate (2d Cir. Apr. 6, 2012) (affirming dismissal); and Dorsey v. Fisher, No. 10-CV-0984, Decision and Order (N.D.N.Y. filed June 1, 2011) (dismissing the action with prejudice pursuant to 28 U.S.C. 1915(e) and 28 U.S.C. § 1915A), Judgment (entered June 1, 2011).

Plaintiff is thus barred under the FPLRA from proceeding *in forma pauperis* in this action unless the Complaint alleges sufficient facts to show that Plaintiff was under imminent danger of

3

serious physical injury. An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009). Plaintiffs claims arise, in part, from Defendants' alleged denial of a CPAP machine and various medications for a period of "hours." (Compl. at 5). Plaintiff alleges that the denial of this medical care occurred on October 3-6, 2023. (*Id.*). Plaintiff does not allege a continuing denial of access to a CPAP machine or any of the requested medication at the time he commenced this action on October 9, 2023 (the date Plaintiff signed the Complaint and presumably put it in the mailbox). In other words, there is no allegation in the Complaint that the danger to Plaintiff from the denial of medical care existed at the time the Complaint was filed. The allegations of harm to Plaintiff are vague, conclusory, and not fairly traceable to Defendants' allegedly unlawful conduct.

Accordingly, Plaintiff is barred from proceeding *in forma pauperis* in this action and he may only proceed by paying $405.00 in fees, which includes a $350.00 filing fee plus a $55.00 administrative fee.

## DISCUSSION

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff. The Court grants Plaintiff 30 days from the date of this Order to pay $405.00 in fees to proceed with this action. *See* 28 U.S.C. § 1915(g). Should Plaintiff fail to pay the $405.00 in filing fees within 30 days of the issuance of this Order, the Clerk of Court is directed to close this case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: White Plains, New York
December 1, 2023

_____
PHILIP M. HALPERN
United States District Judge